IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSE ENRIQUE MENDIOLA
ADC # 130653                                                                PLAINTIFF

v.                             4:12-cv-6-DPM-JTK

MIKE KOBERLEIN, Deputy
Marshal, United States Marshal
Service; DOE, Pine Bluff Police
Officer, U.S. Marshal Trainee                                              DEFENDANTS

ORDER

Jose Mendiola is a state inmate incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction. The Court recently granted him *in forma pauperis* status to proceed in this *Bivens* action against the defendants.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or part of one, if the prisoner: (a) raises claims that are legally frivolous or malicious; (b) fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And to survive the Court's

screening, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it requires more than a mere possibility that a defendant has acted unlawfully. *Ibid*. Where a plaintiff pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 556-57 (citing FED. R. CIV. P. 8(a)(2)).

In reviewing a *pro se* complaint, the Court must liberally construe the pleading. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). But regardless of whether a plaintiff is represented or appearing *pro se*, the complaint "must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Mendiola claims that he was injured while being transported to an ADC Unit by the defendants. He alleges that defendant Koberlein's excessive speed and sudden braking caused him to fly off his seat and into the security cage which separates prisoners from transporting officers. Mendiola further alleges he suffered an injury to his right eye in the incident, caused by defendant Koberlein's failure to properly fasten him in a seatbelt. Mendiola asks for monetary relief to compensate him for his injuries and later headaches, blurred vision, and other body pain.

Mendiola's complaint is deficient. Although Mendiola names two individuals as defendants, he does not include any specific allegations of unconstitutional conduct by defendant Doe. In addition, Mendiola's allegations against defendant Koberlein sound in negligence, which is not sufficient to support an Eighth Amendment claim for relief. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mendiola's complaint is thus too vague and conclusory to enable the Court to screen it.

The Court grants Mendiola permission to file an amended complaint by 13 April 2012. The Court cautions Mendiola that an amended complaint

renders his original complaint without legal effect. Only claims properly set out in the amended complaint will be considered.

Mendiola's amended complaint should include: (1) the name of each individual involved in the actions at issue in the complaint; (2) how each individual was involved in those actions; and (3) how each individual violated Mendiola's constitutional rights. Mendiola must set forth specific facts concerning his allegations, including, for example, dates, times, and places.

In sum, Mendiola's current complaint is deficient. Mendiola has until 13 April 2012 to file an amended complaint. If he fails to do so, the Court will dismiss his case. Local Rule 5.5(c)(2).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

14 March 2012