IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSE ENRIQUE MENDIOLA                                               PLAINTIFF

v.                         Case No. 4:12-cv-00006-KGB

MIKE KOBERLEIN;
DOE, Pine Bluff Police Officer and
United Staets Marshal Trainee.                                      DEFENDANTS

OPINION AND ORDER

Plaintiff Jose Enrique Mendiola, an Arkansas Department of Corrections inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 claiming that his Eighth and Fourteenth Amendment rights were violated when he was injured while being transported by defendant Mike Koberlein, a United States Deputy Marshal. By prior Order, this Court has construed Mr. Mendiola's complaint against Mr. Koberlein as a *Bivens* cause of action, which is analogous to a claim under 42 U.S.C. § 1983 (Dkt. No. 8). *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S.388 (1971). Mr. Mendiola also claims that this Court has supplemental jurisdiction over his "state law tort claims" (Dkt. No. 13).

Mr. Koberlein is the only party defendant. The Court previously dismissed Dr. Robert Rectenwald as a party and directed service as to Mr. Koberlein (Dkt. No. 18). To date, Mr. Mendiola has not identified the "Doe" defendant.

Before the Court is Mr. Koberlein's motion to dismiss (Dkt. No. 31). Mr. Mendiola has responded (Dkt. No. 36), Mr. Koberlein has replied (Dkt. No. 38), and Mr. Mendiola has filed a sur-reply (Dkt. No. 39). For the reasons discussed below, the motion to dismiss is granted in part and denied in part.

I.   BACKGROUND

At this stage of the litigation, accepting as true the allegations in Mr. Mendiola's amended complaint, the pertinent facts are these. On March 24, 2012, Mr. Mendiola and another inmate were picked up by the United States Marshals Service ("USMS") at the Pulaski County Regional Detention Center ("PCRDF") to be transported to the Arkansas Department of Correction Maximum Security Unit in Tucker, Arkansas. The transporting officer in charge was Mr. Koberlein. Also present was the "Doe" defendant, an officer of the Pine Bluff Police Department and a USMS trainee.

Mr. Mendiola and the other inmate were handcuffed and placed in the van without seatbelts. Mr. Koberlein was driving the van. He departed the PCRDF, speeding onto the street and making a sharp turn. "Doe" asked Mr. Koberlein to slow down. Mr. Koberlein stated that he needed to hurry up to get "Doe" somewhere, and "Doe" replied "I get paid by the hour, slow down" (Dkt. No. 13, at 2). Mr. Koberlein slowed down, turned onto Roosevelt Road, then sped up again, at which point the other inmate said, "He ["Doe"] said he is in no hurry man, he gets paid by the hour" (Dkt. No. 13, at 2). Mr. Koberlein and "Doe" chuckled, and Mr. Koberlein continued driving at the high speed.

The vehicle stopped to unload the other inmate at the Jefferson County jail. While there, Mr. Mendiola requested and was allowed to use the men's room. They departed again with Mr. Mendiola in the first seat of the transport van behind Mr. Koberlein and "Doe." Mr. Mendiola's feet were shackled and his hands were fettered to his waist, but he did not have a seatbelt on. Mr. Koberlein told "Doe" that they needed to hurry or that they would be late to a prior engagement. "Doe" for the second time stated that he gets paid by the hour and is in no hurry. Mr. Koberlein then sped up, above the normal rate of speed.

Mr. Mendiola was turned to the left, looking outside the van's window, when Mr. Koberlein "violently jam[med] on the vehicle's breaks" and Mr. Mendiola flew out of his seat, hitting his face and head on the security cage of the van with full force. At this point, "blood went everywhere" (Dkt. No. 13, at 3). Mr. Koberlein and "Doe" exited the vehicle to talk to the driver of the car Mr. Koberlein "has almost run into" (Dkt. No. 13, at 3). Returning to the van, "Doe" noticed that Mr. Mendiola was covering his face with both hands, with blood coming through his fingers.

"Doe" called Mr. Koberlein over. They decided Mr. Mendiola was in need of medical attention and took him to the emergency room at the Jefferson County Regional Medical Center. There, a doctor closed a gash on the right side of Mr. Mendiola's face, x-rayed him, stated that he had whiplash, and instructed that Mr. Mendiola would need to see a doctor for pain in his back and neck. The doctor prescribed pain medication and directed Mr. Mendiola to follow up with treatment upon returning to his unit.

Mr. Mendiola includes additional allegations about later events which are not pertinent to this Court's inquiry at this time. He also claims that, since the accident, he has suffered headaches, blurred vision in his right eye, pain his neck, spine, lower back, and waist, a pinched nerve in his right shoulder, cold tingling in his hand, arms, and legs, short attention span, short-term memory loss, and mental anguish.

## II. ANALYSIS

Mr. Koberlein files his motion under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court will examine each of Mr. Koberlein's arguments in turn.

### A. Rule 12(b)(1) Motion to Dismiss

Mr. Koberlein alleges that this Court lacks subject matter jurisdiction to consider Mr. Mendiola's state-law tort claims. As to the portion of Mr. Koberlein's motion that requests dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, a district court is free to review matters outside of the complaint such as affidavits and documents. *Osborn v. United States*, 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision on a Rule 12(b)(6) motion to dismiss, a court's review of information outside of a complaint does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. *Id.* A Rule 12(b)(1) motion is distinct in that, unlike a Rule 12(b)(6) motion, when a factual challenge to jurisdiction is made by a movant, there is no presumptive truthfulness attached to a plaintiff's allegations in the complaint. *Id.* at 730 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). For these reasons, the Court will consider the declaration of Gerald M. Auerbach in support of Mr. Koberlein's Rule 12(b)(1) motion (Dkt. No. 32-3, at 1-2).

To the extent that Mr. Mendiola alleges a state-law tort claim against Mr. Koberlein, he must do so under the Federal Tort Claims Act ("FCTA"). The FTCA is the exclusive remedy for torts committed by federal employees acting within the scope of their employment. *United States v. Smith*, 499 U.S. 160, 163 (1990). The FTCA does not preempt a *Bivens* remedy, but rather it is "crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Carlson v. Green*, 446 U.S. 14, 19 (1980). To assert properly an FTCA claim, "[i]t is well-settled that the filing of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to the bringing of a civil action against the United States for damages for the negligence or wrongful act of any employee of the United States." *Smith v. United States*, 588 F.2d 1209, 1211 (8th Cir. 1978).

Mr. Koberlein contends that Mr. Mendiola has not exhausted his administrative remedies and that, therefore, his FTCA claim is barred. Because it bears on whether this Court has subject matter jurisdiction, the Court has considered Mr. Koberlein's submission of a sworn declaration from Mr. Auerbach indicating that Mr. Mendiola has not presented a state-law tort claim to the USMS. Mr. Auerbach is the General Counsel for the Office of General Counsel of the USMS and is the custodian of records related to the filing, evaluation, and disposition of administrative claims presented to the USMS under the FTCA. As of the date of his declaration, the USMS had not received a claim from Mr. Mendiola arising out of the incidents described in the complaint. Accordingly, this Court lacks subject matter jurisdiction over any potential state-law tort claim under the FTCA. Mr. Mendiola's state-law tort claims are dismissed without prejudice.

### B. Rule 12(b)(6) Motion to Dismiss

As to the portion of Mr. Koberlein's motion that requests dismissal under Rule 12(b)(6) and seeks qualified immunity, Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." For the purposes of the Rule 12(b)(6) analysis, the Court will not consider the matters outside the pleadings and will analyze whether, on the face of his complaint, Mr. Mendiola has stated a plausible claim for relief.[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). While

---

[1] For these reasons, this Court has not considered the Declaration of Mike O. Koberlein filed in support of his motion to dismiss (Dkt. No. 32-2). This Court also notes that, on July 12, 2012, Mr. Mendiola filed with the Court interrogatories that he propounded to Mr. Koberlein (Dkt. No. 29). There is no indication in the record whether Mr. Koberlein objected or responded to these discovery requests. At any time during the discovery period, Mr. Koberlein or Mr. Mendiola may file a motion for summary judgment. *See* Fed. R. Civ. P. 56.

a complaint should not be dismissed because it "strikes a savvy judge . . . that a recovery is very remote and unlikely," *Twombly*, 550 U.S. at 556, the plaintiff must allege facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

According to his amended complaint, Mr. Mendiola seeks compensatory and injunctive relief for violation of his Eighth and Fourteenth Amendment rights (Dkt No. 2). Mr. Mendiola's original complaint indicates that he is suing Mr. Koberlein in both his official and individual capacities.

Mr. Mendiola has no Fourteenth Amendment claim against Mr. Koberlein because Mr. Koberlein is a federal agent. The Fourteenth Amendment requires state action. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924. Therefore, Mr. Mendiola's Fourteenth Amendment claim against Mr. Koberlein is dismissed for failure to state a claim upon which relief can be granted.

According to his amended complaint, Mr. Mendiola seeks compensatory and injunctive relief for violation of his Eighth and Fourteenth Amendment rights (Dkt No. 2). In both his original and amended complaints, however, the "relief" sections indicate that Mr. Mendiola seeks a monetary settlement of $2,500,000. Neither complaint otherwise addresses injunctive relief. Based on the allegations in his complaint and amended complaint, the Court concludes that Mr. Mendiola has not satisfied the *Iqbal* and *Twombly* standards with a pleading sufficient to seek injunctive relief based on an alleged violation of his Eighth or Fourteenth Amendment rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 554, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'")). Accordingly, the Court finds that Mr. Mendiola has failed to state a claim upon which relief can be granted for injunctive relief against Mr. Koberlein and, therefore, dismisses that claim without prejudice.

Mr. Mendiola's claims against Mr. Koberlein in his official capacity are actually suits against the governmental entity itself – the United States. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Bankhead v. Knichrehm*, 360 F.3d 839, 844 (8th Cir. 2004). The doctrine of sovereign immunity bars claims against the United States, *Kaffenberger v. United States*, 314 F.3d 944, 950 (8th Cir. 2003), and official-capacity claims for monetary damages, *Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). As discussed above, Mr. Mendiola's complaint fails to state a claim upon which relief can be granted for injunctive relief against Mr. Koberlein and, therefore, fails to state a claim against Mr. Koberlein in his official capacity upon which relief can be granted. For these reasons, the Court dismisses without prejudice Mr. Mendiola's official-capacity claims against Mr. Koberlein.

The crux of this matter is a *Bivens* action for money damages against Mr. Koberlein in his individual capacity. Such an action is permitted for violations of the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988) (citing *Carlson v. Green*, 446 U.S. 14 (1980)). Mr. Koberlein has moved to dismiss the *Bivens* action and asserts that he is entitled to qualified immunity. The Supreme Court has held that the qualified immunity analysis in a *Bivens* action is identical to that in a 42 U.S.C. § 1983 lawsuit. *See, e.g.*, *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

This Court concludes that, at this stage of the litigation, Mr. Koberlein is not entitled to dismissal of Mr. Mendiola's Eighth Amendment claim against Mr. Koberlein in his individual capacity for failure to state a claim or based on qualified immunity. A government official sued in his individual capacity may raise the defense of qualified immunity. *Clay v. Conlee*, 815 F.2d 1164, 1169 (8th Cir. 1987). The doctrine of qualified immunity "protects a government official 'from liability for civil damages in so far as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Stepnes v. Ritschel*, 663 F.3d 952, 960 (8th Cir. 2011). When qualified immunity is asserted as a defense, the court should conduct a two-prong inquiry to determine if the defense applies and should examine: "(1) 'whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right' and (2) whether the constitutional right violated 'was clearly established at the time of defendant's alleged misconduct.'" *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). To prevail on qualified-immunity grounds at the motion-to-dismiss stage, "defendants must show that they are entitled to qualified immunity on the face of the complaint." *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005).

First the Court addresses whether the facts alleged by Mr. Mendiola make out a violation of a constitutional right. In *Brown v. Fortner*, the plaintiff sued under § 1983 alleging that prison officials acted with deliberate indifference by failing to provide adequate transportation in violation of the Eighth Amendment. 518 F.3d 552, 555 (8th Cir. 2008). Discussing the applicable standard of conduct, the Eighth Circuit said:

> The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement. A denial of safe and humane conditions can result from an officer's deliberate indifference to a prisoner's safety. A claim based on deliberate indifference requires a substantial risk of harm to the inmate that an officer knew of and disregarded. Deliberate indifference requires more than mere negligence,

8

>but does not require acting for the very purpose of causing harm or with knowledge that harm will result. The Supreme Court has stated that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.

*Id.* at 558 (internal citations and quotations omitted).

The Eighth Circuit "has previously held that failure to provide a seatbelt to a prisoner while driving in a manner that puts the prisoner at risk of injury can constitute deliberate indifference to a prisoner's safety and health." *Id.* (citing *Brown v. Morgan*, 39 F.3d 1184 (8th Cir. 1994) (per curiam) (stating that "[w]hile a constitutional claim cannot be based on mere negligence . . . when prison officials intentionally place prisoners in dangerous situations or manifest deliberate indifference for their safety, the Eighth Amendment is violated" and holding that "[t]he facts alleged in Brown's complaint are sufficient to support a conclusion that Morgan manifested deliberate indifference for his safety, and thus entitle Brown to relief")). In *Brown v. Fortner*, the Eighth Circuit held that the plaintiff had presented sufficient evidence that there may have been an Eighth Amendment violation when the defendant knew the plaintiff was shackled and restrained in a manner that prevented him from securing his own seatbelt, rejected plaintiff's request for a seatbelt, drove in excess of the speed limit, followed too closely behind a lead van, crossed over double-yellow lines, made prohibited passes, and ignored inmates' requests to slow down. *Id.* at 559. The Court concluded that the defendant's actions created a substantial risk of harm and that the defendant "knew of and disregarded the risk he created." *Id.* at 559-60.

Likewise, in *Morgan*, the plaintiff "contended that [defendant] manifested deliberate indifference for his safety by refusing to let him wear a seat belt, driving at a high rate of speed in bad weather, refusing to slow down despite [plaintiff's] pleas for him to do so, purposely speeding up, and smiling when he saw that [plaintiff] was scared, asking, 'Are you scared?'" 39

F.3d 1184, at *1. The district court dismissed the complaint on the basis that "the accident was caused by mere negligence," but the Eighth Circuit reversed.

To determine whether a constitutional violation exists here, the Court must know whether there existed a "substantial risk of harm to the inmate that [Mr. Koberlein] knew of and disregarded." *Brown*, 518 F.3d 552, 558. To determine the motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true the allegations in Mr. Mendiola's complaint, including the allegations that "Doe" twice asked Mr. Koberlein to slow down and the other inmate reiterated one of "Doe's" requests to Mr. Koberlein. The Court acknowledges that Mr. Mendiola does not assert that he personally requested Mr. Koberlein to slow down. He does assert, however, that Mr. Koberlein knew Mr. Mendiola's legs were shackled and his hands were fettered to his waist, disregarded at a minimum two requests to slow down, and then after the second request to slow down "violently jam[med] on the vehicle's breaks." From the face of these allegations, it is possible that Mr. Koberlein acted with deliberate indifference to Mr. Mendiola's safety. Accepting the allegations in Mr. Mendiola's amended complaint as true, the Court is unable to determine at this point that Mr. Koberlein is entitled to qualified immunity on Mr. Mendiola's Eighth Amendment claim.

Second the Court addresses whether the constitutional right in question was clearly established at the time of the alleged misconduct. Based on the Eighth Circuit's decision in *Brown v. Fortner*, this Court concludes the Eighth Amendment right Mr. Mendiola alleges was violated was clearly established at the time of the events giving rise to his claim. 518 F.3d at 558.

The Court acknowledges that, if Mr. Mendiola's complaint alleged that the lack of a seatbelt was the sole cause of his injuries, his case may not survive a motion to dismiss. "[C]ase

law indicates that the failure to restrain a prisoner with a seatbelt alone does not rise to the level of a constitutional violation." *Vinson v. U.S. Marshals Serv.*, No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) *aff'd*, 459 F. App'x 221 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1930 (2012) (citing *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 642 (10th Cir. 2004) ("We have identified no federal case holding that failure to seatbelt an inmate, standing alone, violates the Eighth Amendment.")). Indeed, in *Fortner*, 518 F.3d at 559 and *Morgan*, 39 F.3d 1184, at *1, additional facts, not just lack of a seatbelt, manifested deliberate indifference. In this case, Mr. Mendiola has alleged facts other than his lack of a seatbelt. These facts include Mr. Koberlein being asked to slow down multiple times by a fellow officer, his knowledge that Mr. Mendiola's feet were shackled and his hands were fettered to his waist, and his conduct in violently jamming on the brakes after the second warning to slow down by the fellow officer.

The Court is also aware that certain other courts have extended the failure-to-seatbelt principle. In *Vinson*, the Court observed that this principle "has been extended to cases where the failure to seatbelt the prisoners is combined with speeding or reckless driving." *Id.* (citing *Young v. Michigan Dept. of Corrs.*, No. 04–10309, 2007 WL 2214520 (E.D. Mich. July 27, 2007) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive risk to inmate health or safety."); *Jones v. Collins*, No. 05–663–JPG, 2006 WL 1528882, at *2 (S.D. Ill. June 1, 2006) (stating that allegation of "reckless driving or the failure to fasten seatbelt . . . present, at best, claims of negligence, but a defendant can never be held liable under § 1983 for negligence"). These cases are persuasive authority but do not control the outcome here.

As discussed above, when examined in the light of controlling caselaw, the Court is unable to determine based on the facts as alleged by Mr. Mendiola in his complaint that Mr.

Koberlein is entitled to qualified immunity. This Court concludes that Mr. Mendiola states sufficient facts to allege an Eighth Amendment violation under Eighth Circuit caselaw. Therefore, Mr. Koberlein is not entitled to qualified immunity at this stage of the proceedings.

\* \* \*

Mr. Koberlein's motion to dismiss is granted in part and denied in part. The Court dismisses any purported state-law tort claim, Fourteenth Amendment claim, claim for injunctive relief, and official-capacity claim against Mr. Koberlein. As to Mr. Mendiola's *Bivens* action and Mr. Koberlein's assertion of qualified immunity, Mr. Koberlein's motion to dismiss is denied. He is not entitled to qualified immunity at this stage, based on the allegations in Mr. Mendiola's complaint. This denial of qualified immunity is without prejudice.

SO ORDERED this the 13th day of March, 2013.

_____
Kristine G. Baker
United States District Judge